UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROL A. STRAMIELLO and JOSEPH
STRAMIELLO, her husband,

    Plaintiffs,

vs.                                                       CASE NO.: 8:10-cv-659-T-33TGW

PETSMART, INC.,

    Defendant.

_____/

**ORDER**

This matter is before the Court pursuant to Plaintiffs Carol and Joseph Stramiello's Motion to Remand to State Court (Doc. 5), filed on April 15, 2010. On April 26, 2010, Defendant Petsmart filed a response in opposition to the Motion. (Doc. 9.) For the reasons that follow, the Motion is due to be **DENIED.**

**I. Procedural History and Summary of the Arguments**

Carol and Joseph Stramiello filed suit against Petsmart in the Circuit Court for Pasco County, Florida, on November 5, 2009. (Doc. 2.) The Stramiellos are residents of Pasco County, Florida. (Doc. 1-Ex. 1.) Carol Stramiello alleges that on July 25, 2007, she was a business invitee on defendant Petsmart's premises and that while on the premises, she slipped on a puddle of water while shopping. (Id.) Carol Stramiello further alleges that her injuries were caused by Petsmart's negligent failure to maintain a safe premises, and that she is thus entitled to compensation for "bodily injury, including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature,

1

disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life." (Id.) Joseph Stramiello alleges that he has suffered a loss of consortium due to his wife's injuries. (Id.)

On March 16, 2010, Petsmart removed the case to federal court, alleging complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. (Doc. 1.) The removal came after Petsmart received documentation from the Stramiellos showing total medical bills for Carol Stramiello in the amount of $108,351.92. (Id.)

The Stramiellos argue in their Motion that Petsmart's removal is improper because the amount in controversy does not currently exceed $75,000.00. (Doc. 5 at 8.) The Stramiellos emphasize the fact that their complaint does not demand a specific amount of damages, but rather, merely states that the damages sought are greater than $15,000.00. (Id.) In essence, the Stramiellos contend that their claim is largely one for unquantifiable relief such as pain and suffering and loss of consortium. (Id.) Finally, the Stramiellos contend that any medical bills related to Carol Stramiello's accident should be discounted due to the fact that most of the bills have already been paid by the Stramiellos' insurance company. (Id. at 9.)

The Stramiellos further argue that Petsmart has failed to establish that its principal place of business is not within the state of Florida, and therefore that Petsmart has failed to establish complete diversity in this case. (Doc. 5 at 6.) To support this argument, the

Stramiellos note that Petsmart does do some business in Florida, and as such the Stramiellos assert that the affidavit provided by Petsmart is not enough to establish that Petsmart's principal place of business is in Arizona. (Id.)

Finally, the Stramiellos claim that they are entitled to attorneys fees related to the issue of removal. (Id. at 11.)

Petsmart claims that the amount in controversy does exceed $75,000. (Doc. 9 at 2.) Petsmart bases this claim on its allegation that plaintiff Carol Stramiello provided Petsmart with medical bills "related to the accident" that total $108,351.92. (Id.) While Petsmart concedes that Plaintiffs' damages may be subject to a set off, it argues that any such set off would only come after a verdict has been rendered in Plaintiffs' favor. (Id. at 3.) Thus, Petsmart asserts that the amount in controversy requirement has <u>currently</u> been met. (Id.) Petsmart also asks the Court to take into account the fact that Carol Stramiello's injuries are likely to continue into the future. (Id.)

Finally, Petsmart reasserts that its principal place of business is in Arizona, relying on an affidavit of Victoria Karpinski, Petsmart's litigation specialist. (Id. at 1.)

**II. <u>Legal Standard</u>**

A defendant may remove a case filed in state court to federal court "if the district courts of the United States have original jurisdiction." 28 U.S.C. Section 1441(a). Original jurisdiction may be established if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. <u>Id.</u> In removal cases, the burden of proving any jurisdictional fact rests upon the defendant. <u>See</u> <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001).

"Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." Total Fleet Solutions, Inc. v. Nat. Crime Ins. Bureau, 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009). Furthermore, a plaintiff's right to choose his forum carries more weight than a defendants right to remove. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Id. (citations omitted). A defendant's burden of proof is therefore a heavy one. Id.

In determining whether the jurisdictional minimum has been met, the court must review the amount in controversy at the time of removal. Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998). If the plaintiff claims damages beneath this threshold, the defendant must prove to a legal certainty that the amount in controversy actually exceeds $75,000. Id. at 1356-1357.

If the plaintiff does not specify damages, a lower burden of proof applies. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996) (overruled on other grounds by Office Depot v. Cohen, 204 F.3d 1069 (11th Cir. 2000)). In such a case, the preponderance of the evidence standard applies. Id. at 1356-57.

It also important to note that Florida Statute Section 768.76 prohibits plaintiffs in a tort action from recovering damages for expenses that have already been paid through a collateral source (i.e. insurance). While there is little, if any, case law regarding the relationship between a case's amount in controversy and collateral source payments, courts are to take into account other reductions when determining a case's amount in controversy,

such as a person's duty to mitigate damages in a contract dispute. See Logsdon v. Duron, Inc., 3:04-cv-947-J-16TEM, 2004 U.S. Dist. Lexis 28525, at *5-6 (M.D. Fla. 2004).

In addition to establishing the required amount in controversy, and in order to establish complete diversity, a foreign corporation who wishes to remove to federal court must establish, by a preponderance of the evidence, that its principal place of business makes it diverse from all of the corporation's opponents. See Vareka Invest., N.V. v. Am. Invest. Properties, Inc., 724 F.2d 907, 909 (11th Cir. 1984) (citations omitted). The Eleventh Circuit applies a "total activity" of the corporation test in order to determine its principal place of business. Id. at 910. Such an analysis incorporates both a "place of activity" test and a "nerve center" test. Id. The "place of activity" test focuses on production or sales activities, and the "nerve center" test focuses on the managerial and policy making functions of the corporation. Id.

An action that is not removable based upon the initial pleadings may become removable on the basis of a copy of an amended pleading, motion, order or other paper. Lowery v. Ala. Power Co., 483 F.3d 1184, 1212 (11th Cir. 2007) (citing 28 U.S.C. Section 1446(b)). The defendant must file a notice of removal within thirty days of receiving such a document supporting removal, and the court must determine whether the document and notice clearly establish jurisdiction. Id. at 1213. Neither the court nor the defendant may speculate in an attempt to make up for the notice's failings. Id. at 1215 (citation omitted). "[N]o case may be removed based upon diversity of citizenship more than one year after commencement of the action." Pease, 6 F. Supp. 2d at 1357 (citing 28 U.S.C. Section 1446(b)).

### III. Analysis

The Stramiellos assert that removal to federal court is improper because the amount in controversy requirement has not been met. As an alternative theory, the Stramiellos assert that Petsmart has not met its burden in establishing that its principal place of business is outside the state of Florida. In the instance that the motion to remand is granted, the Stramiellos assert that they are entitled to attorneys fees and costs pursuant to 28 U.S.C. Section 1447.

### A. Amount in Controversy

The Stramiellos contend that the amount in controversy requirement has not been met. The Stramiellos argue that Carol Stramiello's medical bills do not constitute their actual potential amount of compensatory damages due to the provisions of Florida Statute Section 768.76[1].

---

[1] The statute reads in relevant part:

(1) In any action to which this part applies in which liability is admitted or is determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to the claimant, from all collateral sources; however, there shall be no reduction for collateral sources for which a subrogation or reimbursement right exists.

(2) For purposes of this section:

  (a) Collateral sources means any payments made to the claimant, or made on the claimant's behalf, by or pursuant to:

    2.) Any health, sickness, or income disability insurance; automobile accident insurance that provides health   benefits or income disability coverage; and any other similar insurance benefits, except life insurance benefits available to the claimant, whether purchased by her or him or provided by others.

Because the Stramiellos' claim contains no specific demand for damages, Petsmart must prove by a preponderance of the evidence that the potential damages in this case exceed $75,000. Lowery, 483 F.3d at 1208. Petsmart asserts two arguments concerning the amount in controversy requirement: (1) Carol Stramiello's medical bills, which Petsmart received prior to their notice of removal, total $108,351.92 and (2) Carol Stramiello alleges that her injuries are permanent and she will thus "surely seek recovery of future medical expenses and significant pain and suffering damages." (Doc. 2 at 2.) For the reasons below, the Court is persuaded by Petsmart's argument, and finds that Carol Stramiello's medical bills do establish the required amount in controversy.

In regards to Petsmart's first argument, Florida Statute Section 768.76 precludes a plaintiff from recovering medical expenses related to an incident for which they have already been paid through a collateral source (i.e. insurance). The Stramiellos have offered evidence that they have been reimbursed $85,904.97 for their medical expenses through insurance. (Doc.5-Ex. D.) Thus, even if Petsmart's allegation of $108,351.92 in medical bills is accepted, the Stramiellos would only be entitled to recover roughly $22,446.95, placing recovery from the medical bills well below the amount in controversy requirement of $75,000. (Id.) As such, the Stramiellos respond to Petsmart's argument by arguing that a set off pursuant to Florida Statute Section 768.76 effectively reduces the amount in controversy at the outset of the litigation.

The Stramiellos' argument is without merit, because it fails to account for the fact that the Court must look to the amount in controversy at the time of removal. It is well settled that a plaintiff cannot defeat subject matter jurisdiction by reducing his or her claim

after removal has taken place. See Freeport-McMoran, Inc., v. KN Energy, Inc., 498 U.S. 426, 428 (1991) (noting the Supreme Court has "consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events"); Poore v. American-Amicable Life Ins. Co., 218 F.3d 1287, 1289-1290 (11th Cir. 2000). It therefore logically follows that subject matter jurisdiction is not defeated simply because the parties might anticipate a future reduction in recoverable damages. It is also noteworthy that the Stramiellos have not offered case law supporting their assertion that a future set off such as one required by Florida Statute Section 768.76 should reduce the amount in controversy at the outset of litigation.

Because Carol Stramiello is, at the time of removal, entitled to seek $108,351.92 in medical expenses (regardless of a future set off), Petsmart has met its burden in establishing the required amount in controversy for federal subject matter jurisdiction.[2]

### B. Complete Diversity

Petsmart bears the burden of establishing complete diversity, and thus, because the Stramiellos reside in Florida, Petsmart bears the burden in this case of establishing that its principal place of business is outside the state of Florida. The Stramiellos contend that Petsmart has failed to carry this burden, as they note that Petsmart has a store located at 2920 Little Road, Trinity, Pasco County, Florida. (Doc. 5 at 7.) Petsmart, however, has filed an affidavit from its litigation specialist, Victoria Karpinski, stating that Petsmart's principal place of business is in Arizona and that Petsmart is incorporated in Delaware.

In weighing the fact that Petsmart has at least one store in the state of Florida

---

[2] Because the jurisdictional amount in controversy has been met with Carol Stramiello's medical bills, further discussion of any future injuries or damages pursuant to Petsmart's second argument is not necessary.

against Victoria Karpinski's affidavit, the court is persuaded that Petsmart has carried its burden of proof regarding their principal place of business. The assertion that Petsmart has at least one store in Florida is the only evidence regarding the Eleventh Circuit's "total activity" and "nerve center" test that the Stramiellos have offered. This Court will not attempt to engage in either test's analysis with so little evidence at hand. The Court also emphasizes that Petsmart need only establish its principal place of business by a preponderance of the evidence. The Stramiellos' mere assertion that Petsmart does "some business" in Florida, without offering any other evidence, is not enough to overcome the affidavit of Petsmart's litigation specialist. Accordingly, the Court finds that Petsmart established complete diversity in this case.

## IV. Conclusion

Based on the forgoing analysis, the court finds that Petsmart established complete diversity and that Petsmart established that the amount in controversy exceeds the minimum jurisdictional requirement. Therefore, the Court denies the motion to remand.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Motion to Remand (Doc. 5) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of May 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record